UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD FURNACE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COPE, et al,<br><br>　　　　　Defendant. | 1:16-cv-0420-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>(ECF No. 11) |

　　　　Plaintiff Edward Furance ("Plaintiff") is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.  On May 18, 2016, Plaintiff filed a motion seeking the appointment of counsel. (ECF No. 11.) He argues that he requires appointed counsel to assist with gaining the identity of a John Doe defendant in time to comply with the deadline for service of the defendants under Federal Rule of Civil Procedure 4(m). He further argues that he has a Sixth Amendment right to counsel, and that appointing him counsel serves the public interest and the efficient and proper administration of justice.

　　　　The Court reminds Plaintiff that this is a civil action, not a criminal action. Plaintiff does not have a constitutional right to appointed counsel in this civil action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern

1

District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.  Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. Id.

Regarding Plaintiff's argument that he requires appointed counsel to assist with service of the complaint, that argument is premature. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Thus, Plaintiff's complaint cannot be served until it has been properly screened. If Plaintiff's complaint survives screening, a subsequent order regarding service will follow. Thus, Plaintiff's duties regarding service of the complaint, including under Rule 4(m), have not yet been triggered in this matter.

///
///
///
///
///
///

For the foregoing reasons, Plaintiff's motion for the appointment of counsel (ECF No. 11) is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **May 31, 2016**         /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE