# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD FURNACE,<br><br>    Plaintiff,<br><br>    v.<br><br>B. COPE, et al.,<br><br>    Defendants. | Case No. 1:16-cv-00420-LJO-BAM (PC)<br><br>ORDER REGARDING EX PARTE COMMUNICATION WITH COURT<br><br>(ECF No. 19) |

Plaintiff Edward Furnace ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on March 28, 2016, (ECF No. 1), and filed a first amended complaint on May 5, 2016. (ECF Nos. 1, 10.) On June 19, 2017, the Court issued an order dismissing Plaintiff's first amended complaint for failure to comply with Federal Rules of Civil Procedure 8, 18, and 20, and granted leave to amend within thirty (30) days. (ECF No. 18.)

**I.    Notice of Ex Parte Communication**

Also on June 19, 2017, Plaintiff filed the instant notice of ex parte communication with the Court. (ECF No. 19.) Plaintiff contends that on May 30, 2017, prison officials at Pelican Bay State Prison targeted Plaintiff's quarters for a retaliatory cell search, confiscating all of his legal books and mixing up all of his legal documents pertaining to this case and others. Plaintiff alleges that these actions were to disguise the theft of materials in support of this action,

1

specifically four declarations collected from fellow inmates and a motion Plaintiff drafted regarding the appointment of an expert witness. Plaintiff states that he would like to file a motion for a preliminary injunction, but requires a copy of the Local Rules for the Eastern District pertaining to motions. Plaintiff further alleges that the delay in the screening of his first amended complaint has prejudiced him and prevented him from filing an additional suit against Pelican Bay State Prison officials. (Id.)

With respect to Plaintiff's request for a copy of the Local Rules, Plaintiff is advised that the Court generally does not send litigants free copies of rules or case law, and any deviation from that standard practice represents an exception which must be justified. Copies of the Court's Local Rules should be available to Plaintiff from the law library at his institution.

As Plaintiff's first amended complaint has been screened, (ECF No. 18), Plaintiff's request for the status of screening is moot.

**II.     Legal Standards – Preliminary Injunction**

To the extent Plaintiff seeks to file a motion for a preliminary injunction, the legal standards are as follows:

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454

U.S. 464, 471 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Lyons, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. U.S. Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985).

The pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.

**III. Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request for a copy of the Local Rules pertaining to motions is DENIED; and
2. Plaintiff's request for status of screening is DENIED as moot.

IT IS SO ORDERED.

Dated: **June 22, 2017**         /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE