UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD FURNACE,<br><br>        Plaintiff,<br><br>   v.<br><br>B. COPE, et al,<br><br>        Defendants. | 1:16-cv-00420-LJO-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE<br><br>(ECF No. 25) |

Plaintiff Edward Furnace ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. On May 23, 2016, Plaintiff filed a motion to appoint counsel, arguing that he required the assistance of counsel to assist with gaining the identity of a John Doe defendant in time to comply with the deadline for service of the defendants under Federal Rule of Civil Procedure 4(m). (ECF No. 11.) The Court denied the motion, finding that the matter did not present exceptional circumstances, and Plaintiff's duties regarding service had not yet been triggered. (ECF No. 12.)

On August 14, 2017, Plaintiff filed a renewed motion to appoint counsel. (ECF No. 25.) Plaintiff again argues that he requires appointed counsel to assist with gaining the identity of Defendant John Doe in time to comply with Federal Rule of Civil Procedure 4(m).

///

1

Plaintiff is reminded that he does not have a constitutional right to appointed counsel in this civil action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's renewed motion for the appointment of counsel, but again does not find the required exceptional circumstances. As previously indicated, Plaintiff's indigent circumstances, the complexity of the case, and Plaintiff's limited knowledge of the law do not make his case exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. Id.

Regarding Plaintiff's argument that he requires appointed counsel to assist with identifying Defendant John Doe and service of the complaint, that argument remains premature. Plaintiff filed a second amended complaint on August 14, 2017. (ECF No. 24.) The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Thus, Plaintiff's second amended complaint cannot be served until it has been properly screened. If Plaintiff's complaint survives screening, a subsequent order regarding service will follow. Thus, Plaintiff's duties regarding service of the complaint, including under Rule 4(m), have not yet been triggered in this matter.

///

For the foregoing reasons, Plaintiff's motion to appoint counsel (ECF No. 25) is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **August 23, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE