# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD FURNACE,<br><br>        Plaintiff,<br><br>   v.<br><br>B. COPE, et al,<br><br>        Defendants. | Case No. 1:16-cv-00420-LJO-BAM (PC)<br><br>ORDER DENYING MOTION TO TRANSFER VENUE AND MOTION FOR RECUSAL<br><br>(ECF No. 28) |

Plaintiff Edward Furnace ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion to transfer venue and motion for recusal, filed December 1, 2017. (ECF No. 28.) The motion is deemed submitted upon the record without oral argument. Local Rule 230(l).

**I.    Plaintiff's Motion**

Plaintiff requests transfer of this action to the Eastern District of California, Sacramento Division. Plaintiff states that delays in screening the complaint have prejudiced Plaintiff and prevented him from filing additional claims against other parties in collusion with the defendants in this action. In addition, Plaintiff argues that transfer to the Sacramento Division is proper because one of the major parties resides in or works in the Sacramento area. In his declaration in support of the motion, Plaintiff further declares that the undersigned is biased against him, and requests a transfer of venue, or in the alternative, the removal of the undersigned from his case.

1

(ECF No. 28.) The Court construes Plaintiff's declaration as a motion for recusal.

### A. Transfer of Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b). The party seeking the transfer must meet an initial threshold burden by demonstrating that the action could have been brought in the proposed transferee district. 28 U.S.C. § 1391(b); 28 U.S.C. § 1404(a); Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985); Park v. Dole Fresh Vegetables, Inc., 964 F.Supp.2d 1088, 1093 (N.D. Cal. 2013).

The events at issue here occurred at Kern Valley State Prison, which is located within the boundaries of the Fresno Division of the Eastern District of California. Although Defendants' residences are unknown, given their employment at Kern Valley State Prison in Delano, California, they more than likely do not reside in the Sacramento Division of the Eastern District of California given the substantial geographical distance. Although Plaintiff states that one of the defendants—he does not specify which one—resides in or works in the Sacramento Division, given that the second amended complaint has not yet been screened, this factor is not dispositive. Plaintiff's motion makes clear that his request to transfer venue is motivated by his desire to have his case transferred to a judge Plaintiff believes is more inclined to screen the complaint in his favor.

With respect to Plaintiff's arguments related to delay and judicial selection, such objections do not provide proper reasons to transfer this case. Moreover, this Court has one of the busiest dockets in the country, and the screening process is made no easier by the filing of voluminous pleadings such as those presented by plaintiff in this case. (See, e.g., ECF No. 1 (initial complaint, 49 pages); ECF No. 10 (first amended complaint, 109 pages); ECF No. 24 (second amended complaint, 74 pages).)

For these reasons, Plaintiff's motion for transfer of venue shall be denied.

**B.      Disqualification of a Judge**

A magistrate judge must disqualify himself if "his impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). "[J]udicial rulings or information acquired by the court in its judicial capacity will rarely support recusal." United States v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010) (citing Liteky v. United States, 510 U.S. 540, 555 (1994)).

The objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Johnson, 610 F.3d at 1147 (quotation marks and citation omitted); Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008). "Adverse findings do not equate to bias," Johnson, 610 F.3d at 1147.

Plaintiff's arguments are not sufficient to show personal bias or prejudice by the undersigned. Plaintiff's belief that the undersigned is biased against him and an "avid sympathizer" with the defendants does not make recusal either necessary or appropriate under § 455. Clemens v. U.S. Dist. Ct. for Cent. Dist. of Cal., 428 F.3d 1175, 1180 (9th Cir. 2005) (noting that speculative allegations of bias are not sufficient to warrant recusal). Plaintiff's objection to the Court's delay in screening does not in and of itself demonstrate bias against him or favoritism toward Defendants. Plaintiff's allegation that the undersigned has deliberately delayed the screening of his complaint is founded on nothing more than speculation and Plaintiff's frustration at the pace of litigation. While the undersigned understands Plaintiff's frustration that his case has been pending many years before this Court, these delays are not attributable to any bias toward him, but rather to the fact that judges in the Eastern District of California maintain some of the heaviest caseloads in the nation, as noted above.

Plaintiff's conclusory allegations, based on nothing more than speculation, are legally insufficient to establish a reasonable question as to the undersigned's impartiality or that a bias or prejudice exists. The request for recusal will therefore be denied.

## II. Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for transfer of venue and motion for recusal, (ECF No. 28), are DENIED.

IT IS SO ORDERED.

Dated:  **December 5, 2017**                    /s/ *Barbara A. McAuliffe*
                                                                                    UNITED STATES MAGISTRATE JUDGE