# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD FURNACE, | Case No. 1:16-cv-00420-LJO-BAM (PC) |
| Plaintiff, | ORDER REGARDING PLAINTIFF'S "EX PARTE COMMUNICATION WITH THE COURT" |
| v. | |
| B. COPE, et al., | (ECF No. 46) |
| Defendants. | |

Plaintiff Edward Furnace ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Villa for excessive force in violation of the Eighth Amendment.

On December 27, 2018, the Court identified this case as an appropriate case for post-screening Alternative Dispute Resolution and stayed this action for 120 days to allow the parties to investigate Plaintiff's claims, meet and confer, and then participate in a settlement conference set for March 19, 2019. (ECF No. 45.)

Currently before the Court is Plaintiff's "Ex Parte Communication with the Court," filed January 10, 2019.[1] (ECF No. 46.) In this document, Plaintiff states that he has no issue

---

[1] Although Plaintiff has described the filing as "Ex Parte," the Court notes that the attached proof of service indicates that the document was also mailed to defense counsel, and is therefore not an ex parte communication. (ECF No. 46, p. 3.) As such, the document was filed on the public docket, and served on defense counsel again through the Court's CM/ECF notification system. Plaintiff is advised that ex parte communications are communications that are not served on the opposing party to the action.

1

discussing settlement with defense counsel, and has already mailed a meet and confer letter requesting defense counsel to call Plaintiff at his institution to discuss the case. Plaintiff argues that if counsel is willing to settle, there is no reason to waste taxpayer dollars to transport Plaintiff to the settlement conference, and if counsel is not willing to settle, that can also be resolved over the phone. Plaintiff therefore requests that the Court cancel the order to transfer Plaintiff and allow the parties sufficient time to discuss settlement. (Id.)

Plaintiff is reminded that defense counsel may opt out of the settlement conference by filing a "Notice of Opt-Out and Request to Vacate Settlement Conference," which is currently due on or before January 28, 2019. If no notice is received by that date, the Court will then issue any necessary transport order to ensure Plaintiff's presence at the settlement conference.[2] In the event the parties remain interested in settlement but also wish for the Court to facilitate a settlement conference, the Court finds that Plaintiff's transport will not be a waste of taxpayer dollars.

If the parties are able to settle this matter on their own, at any time, the parties shall file a Notice of Settlement in accordance with Local Rule 160 as soon as possible. At that time, if any transportation order has been issued, it will be cancelled.

By this order, the Court acknowledges receipt of Plaintiff's filing, (ECF No. 45), but declines to take any further action at this time.

IT IS SO ORDERED.

Dated: **January 14, 2019**           /s/ *Barbara A. McAuliffe*
                                                                 UNITED STATES MAGISTRATE JUDGE

---

[2] The Court cannot cancel the transfer order, as Plaintiff requests, because a transfer order has not yet been issued.