# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD FURNACE, | Case No. 1:16-cv-00420-LJO-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO UPDATE PLAINTIFF'S ADDRESS |
| v. | |
| VILLA, | FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR TRANSFER BACK TO PELICAN BAY STATE PRISON |
| Defendant. | |
| | (ECF No. 57) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Edward Furnace ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 27, 2018, the Court identified this case as an appropriate case for post-screening Alternative Dispute Resolution and stayed this action for 120 days to allow the parties to participate in a settlement conference set for March 19, 2019. (ECF No. 45.) On February 20, 2019, the Court issued an order and writ of habeas corpus ad testificandum ordering the Warden of Pelican Bay State Prison to produce Plaintiff for the purposes of participation in the scheduled settlement conference. (ECF No. 49.)

The settlement conference was held on March 19, 2019, and the case did not settle. That same date, the Court issued an order that Plaintiff was no longer needed as a witness in these proceedings and discharging the writ of habeas corpus ad testificandum. (ECF No. 52.)

1

# I. Plaintiff's Motion for Transfer to Pelican Bay State Prison

Currently before the Court is Plaintiff's filing titled "Ex Parte Communication with the Court," filed March 27, 2019. (ECF No. 57.) Plaintiff states that after appearing for the March 19, 2019 settlement conference, he is still being housed at CSATF-Corcoran State Prison. Plaintiff therefore requests an order to expedite his transfer back to Pelican Bay State Prison, as he has no other court dates scheduled in this county, and he has other important matters to attend to at Pelican Bay. Plaintiff states that staff have informed him "that as soon as they receive the order" he'll be transferred. (Id.) The Court construes Plaintiff's request as a motion for preliminary injunctive relief.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 101–02 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

# II. Discussion

To the extent Plaintiff believes that the Court has continued to order his presence at an institution in this county, as discussed above, the Court has already issued an order discharging the writ of habeas corpus ad testificandum which states that Plaintiff is no longer needed by the Court in this matter. (ECF No. 52.)

///

However, if Plaintiff is requesting that the Court order prison officials to transfer him back to a particular institution, Plaintiff seeks for this Court to interfere with CDCR's prison administration in determining the housing of a prisoner, such relief cannot be granted. Although the Court understands that Plaintiff may have important matters to attend to at his prior institution, he does not have a constitutional right to be incarcerated at a particular correctional facility (or to be transferred from one facility to another). Meachum v. Fano, 427 U.S. 215, 224–25 (1976); McCune v. Lile, 536 U.S. 24, 38 (2002). The Court declines to intercede in the security issue presented by placement of inmates in particular housing, merely because Plaintiff would simply like to leave the institution where he is currently housed.

### III. Conclusion and Recommendation

Accordingly, the Clerk of the Court is HEREBY DIRECTED to update Plaintiff's address, as indicated on Plaintiff's motion for transfer, (ECF No. 57), and to serve these findings and recommendations at Plaintiff's updated address.

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for transfer, (ECF No. 57), be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 29, 2019**　　　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE